UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 10-40004-06 |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER ON MOTIONS |
| PATRICIO GUZMAN-ORTIZ, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**Motion for Disclosure of Impeaching Information, Doc. 215**

Defendant has moved the court for the disclosure of impeaching materials. The United States has agreed, as it must, to comply with the requirements of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) as to any person called as a witness in this case. The United States noted, however, it is not required to provide the defense with the criminal records of all its potential witnesses but has agreed to provide the defense with the criminal records of its testifying witnesses that are properly used for impeachment purposes under the provisions of Rule 609 of the Federal Rules of Evidence. Accordingly, it is hereby

ORDERED that the Government shall, regarding testifying witnesses, disclose impeaching and exculpatory materials as required by Giglio and Brady, subject to the limitations of F.R.Evid. 609. These disclosures shall be made no later than two weeks prior to trial. The remainder of Defendant's motion is DENIED.

**Motion for Disclosure of Other Bad Acts, Doc. 216**

Defendant has moved the court for an order compelling the United States to disclose other bad acts testimony which it intends to offer under Federal Rule of Evidence 404(b). The United States has agreed to comply, as it must, with Rule 404(b). It is hereby

ORDERED the Defendant's Motion for Disclosure of Other Acts is granted, in part, and the United States shall provide reasonable notice of its 404(b) evidence no later than two weeks prior to trial. The balance of Defendant's motion is DENIED as to items 1-5 identified in the motion. United States v. Rusin, 889 F.Supp. 1035, 1036 (N.D.Ill. 1995). (Government's notice of its intent to use other crimes evidence was not required to include dates, places and persons involved in specific acts, documents pertaining to acts, and statements of issues to which government believed such evidence was relevant.); United States v. Jackson, 850 F.Supp 1481, 1493 (D.Kan. 1994). (Notice of intent to use prior bad acts evidence need not provide precise details regarding date, time, and place of prior bad acts, but it must characterize prior conduct to degree that fairly apprises defendant of its general nature.)

### Motion for Disclosure of Witness Inducements, Doc. 214

The defendant has moved the court for an order requiring the United States to disclose any agreement entered into between the government and any government witness that could influence said witness' testimony. The United States, in response to the motion, has indicated that it will disclose information as obligated under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and their progeny, but otherwise resists Defendant's motion. Accordingly, it is hereby

ORDERED that the defendant's motion for disclosure of witness inducements is granted, in part, and the United States shall provide the information as required under Brady and Giglio and their progeny to defendant no later than two weeks prior to trial. The balance of Defendant's motion is denied.

### CONCLUSION

As further discussed above, it is hereby

ORDERED that:

1. Defendant's Motion for Disclosure of Impeaching Information (Doc. 215) is GRANTED IN PART AND DENIED IN PART.

2. Defendant's Motion for Disclosure of Other Bad Acts (Doc. 216) is GRANTED IN PART AND DENIED IN PART.

3. Defendant's Motion for Witness Inducements (Doc. 214) is GRANTED IN PART AND DENIED IN PART.

4. The motions hearing as regards Defendant Patricio Guzman-Ortiz previously set for September 9, 2010, at 1:30 p.m. is cancelled.

Dated this 26 day of August, 2010.

BY THE COURT:

John E. Simko
United States Magistrate Judge