UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 10-40004-06-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING |
| | ) | DEFENDANT'S MOTION TO |
| PATRICIO GUZMAN-ORTIZ, | ) | VACATE COURT'S ORDER |
| | ) | GRANTING CONTINUANCE |
| Defendant. | ) | |

Defendant, Patricio Guzman-Ortiz, moves to vacate the court's August 10, 2011, order granting codefendant Rodney James Newcomb's motion to continue trial and deadline dates and, alternatively, to sever his trial from that of his codefendants. The government resists. The motion to vacate is denied.

## BACKGROUND

The pertinent facts to this order are as follows: The original indictment in this case dated January 5, 2010, charged Viengxay Chantharath and Vang Somsawat with conspiracy to distribute methamphetamine. Docket 1. In a second superseding indictment dated April 7, 2010, Guzman-Ortiz was added as a codefendant in the conspiracy to distribute methamphetamine charge, along with Jeffrey Arthur Kriz, Mario Maldonado, and Aurelio Angel Solorio. Docket 54.

The third superseding indictment, dated May 4, 2010, added Jason Leach, Daniel Navarrette, and Kevin Boxdorfer as codefendants in the

conspiracy. Docket 111. The fourth superseding indictment, dated August 3, 2010, added Bruce Ross as a codefendant in the conspiracy. Docket 194.

The fifth superseding indictment, dated March 2, 2011, added Rosendo Garcia-Navarro and one person not yet arrested as codefendants in the conspiracy. Docket 366. The sixth superseding indictment, dated June 7, 2011, added Felicia Ann Omara, Michelle Cherie Feiss, Rodney James Newcomb, and two persons not yet arrested as codefendants in the conspiracy. Docket 408.

Many of the codefendants charged in this conspiracy have already pleaded guilty and some have already been sentenced. The remaining codefendants are Chantharath, Maldonado, Guzman-Ortiz, Garcia-Navarro, Omara, Feiss, Newcomb, and the three persons not yet arrested. On August 9, 2011, Newcomb moved to continue the trial and motion deadline dates because his counsel needed additional time to adequately review the voluminous discovery produced in this case. The court granted the motion and continued the trial date that was set for September 13, 2011, to October 4, 2011. Docket 481.

**DISCUSSION**

**I.    Speedy Trial Act**

Guzman-Ortiz contends that the court's August 10, 2011, continuance order violated his Speedy Trial Act and Sixth Amendment rights. The Speedy Trial Act provides that dismissal of an indictment is appropriate if a

defendant is not brought to trial within the statutory time period. 18 U.S.C. § 3162(a)(2). The Eighth Circuit has held that "[t]he Speedy Trial Act requires that a federal criminal defendant be brought to trial within 70 days of his indictment or arraignment, whichever is later, . . . subject to excludable periods of time catalogued in the statute," namely in § 3161(c)(1) and § 3161(h). *United States v. Elmardoudi*, 501 F.3d 935, 941 (8th Cir. 2007). A defendant bears the burden to show that his Speedy Trial Act rights have been violated. *United States v. Williams*, 557 F.3d 943, 950 (8th Cir. 2009) (citing *United States v. Cordova*, 157 F.3d 587, 599 (8th Cir. 1998)).

Section 3161(h)(6) provides that time is excluded from the speedy trial clock for "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." The last arraignments for the newly-added codefendants from the sixth superseding indictment, Omara and Newcomb, occurred on July 5, 2011, Docket 452, which "reset" Guzman-Ortiz's speedy trial clock.

Even though Guzman-Ortiz's speedy trial clock was reset on July 5, 2011, the court had earlier granted a motion for a continuance setting the trial date to July 19, 2011. Docket 391. Continuances may be excluded from the speedy trial clock calculation:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if

>the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). Because the court found that the interests of justice were served by the continuance and no defendant, including Guzman-Ortiz, objected, the period from April 5, 2011, until July 19, 2011, is excludable from the speedy trial clock calculation.

On June 27, 2011, the court continued trial until August 30, 2011, and reasoned that the ends of justice per § 3161(h)(7)(A) were met in this continuance. Docket 439. Thus, the time from June 27, 2011, to August 30, 2011, is excludable from the speedy trial clock. On August 10, 2011, the court granted Newcomb's motion for a continuance, which continued the jury trial to October 4, 2011. Docket 481. Because the court found that the interests of justice were served by the continuance, this time is also excludable from the speedy trial clock under § 3161(h)(7)(A).[1]

---

[1] Even if the August 16 order for continuance was not in the interests of justice because Guzman-Ortiz objected to the continuance, the time period up until August 30, 2011, is excludable. Further, Guzman-Ortiz filed this motion to vacate the court's August 10 scheduling order and to sever his trial from his codefendants on August 16, 2011. The time period from August 16 until the date of this order is also excludable. *See* § 3161(h)(1)(H) (reasoning that "delay reasonably attributable to any period, not to exceed thirty days, during which

Since the last codefendants' arraignments on July 5, 2011, which reset Guzman-Ortiz's speedy trial clock, the court has continued the trial date under a series of orders that fulfill the requirements of § 3161(h)(7)(A). As a result, not more than 70 days of time countable under the Speedy Trial Act will have passed from July 5, 2011, until October 4, 2011. Consequently, Guzman-Ortiz's speedy trial rights have not been violated.

## II.    Sixth Amendment

Guzman-Ortiz further argues that the delay in his trial violates the Sixth Amendment. While the court separately analyzes Sixth Amendment and Speedy Trial Act claims, "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Titlbach*, 339 F.3d 692, 699 (8th Cir. 2003) (citing *United States v. Sprouts*, 282 F.3d 1037, 1042 (8th Cir. 2002)). The court utilizes a four-factor balancing test in analyzing whether a pretrial delay violates the Sixth Amendment: (1) the delay's length; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant suffered any prejudice. *Titlbach*, 339 F.3d at 699 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

The first *Barker* factor is a " 'double inquiry.' " *United States v. McGhee*, 532 F.3d 733, 739 (8th Cir. 2008) (quoting *United States v. DeGarmo*, 450

---

any proceeding concerning the defendant is actually under advisement by the court" is excluded from the speedy trial clock).

F.3d 360, 364 (8th Cir. 2006)). First, the " 'accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay.' " *Id.* (quoting *DeGarmo*, 450 F.3d at 364-65). A delay "approaching" one year may be considered presumptively prejudicial. *Titlbach*, 339 F.3d at 699 (citations omitted). Guzman-Ortiz was indicted on April 7, 2010,[2] and, therefore, it will be about an 18-month delay if Guzman-Ortiz goes to trial on October 4, 2011. Thus, Guzman-Ortiz has met the threshold showing that the delay is presumptively prejudicial.

Once the defendant makes this initial showing, the court next considers " 'as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.' " *McGhee*, 532 F.3d at 739 (quoting *DeGarmo*, 450 F.3d at 365). The bare minimum for a delay to be trigger judicial examination is about 12 months, and the delay here is almost 18 months. A delay of six months over the threshold for the presumptively prejudicial time period weighs in favor of granting Guzman-Ortiz's motion.

---

[2] On March 1, 2010, Guzman-Ortiz was arrested on state charges, but these charges are inapplicable to when the federal speedy trial clock begins. *See United States v. MacDonald*, 456 U.S. 1, 10 n.11 (1982) ("Of course, an arrest or indictment by one sovereign would not cause the speedy trial guarantees to become engaged as to possible subsequent indictments by another sovereign.").

Under factor two, "in considering a claimed violation of the Sixth Amendment . . . 'the right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.'" *Von Feldt v. United States*, 407 F.2d 95, 99 (8th Cir. 1969) (quoting *Beavers v. Haubert*, 198 U.S. 77, 87 (1905)); *see also Barker*, 407 U.S. at 522 (reiterating that a defendant's speedy trial rights are relative (citing *Beavers*, 198 U.S. at 87)). The court examines the reasons for the delay to determine whether the delay is valid. *Barker*, 407 U.S. at 532 (differentiating between delays caused by a party's negligence, overcrowded courts, and deliberate efforts by one party to delay the action). A delay does not automatically lead to a finding that the Sixth Amendment has been violated. *See, e.g.*, *id.* at 536 (reasoning that a defendant's Sixth Amendment right to a speedy trial was not violated when the delay was five years); *McGhee*, 532 F.3d at 739-40 (finding no Sixth Amendment violation occurred when there was a 915-day delay from arrest to trial); *United States v. Shepard*, 462 F.3d 847, 864-65 (8th Cir. 2006) (holding that a 17-month delay did not violate the Sixth Amendment).

This case involves a complex drug conspiracy. The government has continued to add defendants from April of 2010 to June of 2011. Since April of 2010, when Guzman-Ortiz was indicted, the court has granted various continuances to meet the interests of justice. Guzman-Ortiz has moved for two continuances, which the court granted. *See* Dockets 104 and 136.

Guzman-Ortiz did not oppose any motion to continue until he filed this motion. Additionally, one of the codefendants, Chantharath, moved for a competency exam on January 6, 2011. Docket 351. Chantharath's competency report, which found him competent, was not filed until April 15, 2011.

" 'In general, persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together.' " *United States v. Donnell*, 596 F.3d 913, 923 (8th Cir. 2010) (quoting *United States v. Jones*, 880 F.2d 55, 63 (8th Cir. 1989)); *see also United States v. Andrade*, 788 F.2d 521, 529 (8th Cir. 1986) (reasoning that "persons charged with having been involved in a single conspiracy should ordinarily be tried together." (citing *United States v. Rochon*, 575 F.2d 191, 197 (8th Cir. 1978))). The continuances in this case, including the continuance during Chantharath's competency exam, have facilitated the preference for codefendants charged in a single-count drug conspiracy indictment to be tried together. Moreover, until the August 9, 2011, motion to continue by defendant Newcomb, Guzman-Ortiz had no objection to the continuances ordered by the court. After considering all of the circumstances surrounding the delays, the court finds that the second factor weighs in favor of denying Guzman-Ortiz's motion.

Under the third factor, defendants maintain responsibility to assert their speedy trial rights. *Barker*, 407 U.S. at 529. Guzman-Ortiz did not

assert his speedy trial rights until he filed this motion on August 16, 2011. This case is currently scheduled for trial beginning on October 4, 2011, but Guzman-Ortiz argues that his case should be tried on September 13, 2011. While a significant amount of time has passed between Guzman-Ortiz's indictment and his trial date, there is only about a three-week delay between the September 13, 2011, trial date, and the October 4, 2011, trial date. The third factor weighs neither in favor of granting nor in favor of denying Guzman-Ortiz's motion.

The fourth factor, prejudice, analyzes three interests: (1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety and concern; and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532. Guzman-Ortiz has been incarcerated during the delay. "And although anxiety and concern are present in every case, this alone does not demonstrate prejudice." *McGhee*, 532 F.3d at 740 (citing *Shepard*, 462 F.3d at 865).

The most serious factor is the third factor, which examines, among other facts, whether the defendant's witnesses have become unavailable due to the delay. *Barker*, 407 U.S. at 532. A defendant must show actual or presumed prejudice from the delay. *United States v. Erenas-Luna*, 560 F.3d 772, 779 (8th Cir. 2009). District courts can presume prejudice if the government acts negligently in prosecuting the case. *Id.*

Guzman-Ortiz argues that "one or more witnesses have either gone into hiding or have been deported since the Government has repetitively added new defendants . . . these witnesses would have testified that he was not involved in the conspiracy case or involved with guns." Docket 486 at 3-4. But Guzman-Ortiz does not provide the identity of any of these witnesses and this is the ***first time*** that Guzman-Ortiz has claimed that witnesses necessary for his case are no longer available.

Furthermore, Guzman-Ortiz asked for and received two of the continuances. He did not object until now to any of the continuance requests by his codefendants and the United States. *See Barker*, 407 U.S. at 534 ("More important than the absence of serious prejudice," however, "is the fact that [the defendant] did not want a speedy trial."). Guzman-Ortiz has not argued that witnesses will become unavailable between his original trial date of September 13 and the current trial date of October 4.

Guzman-Ortiz has not demonstrated any actual prejudice from the three-week delay. And because there is no allegation that the government acted negligently in prosecuting this case, there is also no presumed prejudice. Therefore, the fourth factor weighs against granting Guzman-Ortiz's motion. After balancing all of the *Barker* factors, the court finds that there is no violation of Guzman-Ortiz's Sixth Amendment right to a speedy trial.

## CONCLUSION

Guzman-Ortiz moves to vacate the court's August 10, 2011, continuance order on the grounds that the order violates his Speedy Trial Act and Sixth Amendment rights. There is no violation of the Speedy Trial Act because all the delays in this case are excludable from the speedy trial clock calculation. There is also no violation of Guzman-Ortiz's Sixth Amendment rights because even though the delay is almost 18 months, the reasons for the delay were continuances and motions made in good faith by both sides, and Guzman-Ortiz has not demonstrated prejudice from the delay. The court reserves ruling on Guzman-Ortiz's motion to sever. Accordingly, it is

ORDERED that defendant's motion to vacate the court's scheduling order (Docket 485) is denied. The court reserves ruling on defendant's motion to sever (Docket 485).

Dated September 2, 2011.

        BY THE COURT:

        */s/ Karen E. Schreier*
        KAREN E. SCHREIER
        CHIEF JUDGE